(Nos. 85-CV-0983, 85-CV-0984, 85-CV-0985, 85-CV-0986, 85-CV-0987, 85-CV-0988—■■■■■■■■■■■

*In re* APPLICATION OF HOMERO RODARTE
*Order filed May 10, 1985.*
*Order filed January 24, 1989.*
*Order filed March 29, 1989.*
*Order filed January 9, 1991.*

HOMERO RODARTE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on March 24, 1984. Homero Rodarte, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on April 5, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 24, 1984, the victim and five others died of extensive burns as the result of a fire. The incident occurred in the apartment where the victim resided, located at 4448 South Hermitage, Chicago, Illinois. The victim was pronounced dead on arrival at Mercy Hospital. The investigation conducted by the police concluded that, due to the extensive burning and the collapse of the building, the cause of the fire could not be determined. Police records indicate that the incident was classified as an apparent accidental fire death. In addition, the medical examiner's Certificate of Death classified the victim's death as an accident.

2. That the Claimant seeks compensation for funeral expenses of the deceased victim, Santos Lupercio, age 10.

3. That funeral expenses of the six deceased victims in this incident totaled $10,394.64, or $1,732.44 for each victim's funeral. A donation of $333.33 was made toward each victim's funeral by Midwest Nut and Seed Company, leaving a balance of $1,399.11, which was paid by an unknown person or persons.

4. That the Claimant has submitted no substantiation to indicate that he incurred or paid for any portion of the funeral expenses of the deceased victim, Santos Lupercio.

5. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 72(c) of the Act.

6. That an accidental fire is not one of the violent crimes specifically set forth under section 72(c) of the Act.

7. That the Claimant has not met the required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER

Poch, J.

This cause coming on to be heard on the petition for extension of time to file necessary documents to claim compensation under the Illinois Crime Victims Compensation Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*).

The crime was committed on March 24, 1984. The notice of intent to file claims was filed July 14, 1988, more than four (4) years after the crime. Since the maximum amount of time to file the notice of intent is eighteen (18) months, including any extension, we have no alternative but to deny the petition.

Petition is denied.

## ORDER

SOMMER, J.

This cause coming to be heard on the petition of the Claimant, Homero Rodarte, to reopen the above claims, and this Court being fully advised in the premises:

Finds that the above claims were denied on May 10, 1985 because the fire that caused the injuries and deaths was held to be accidental. It is alleged that a person now has been arrested and indicted for starting the fire. (The Claimant filed new claims on July 14, 1988, which this Court denied on January 24, 1989, on the grounds that the statute of limitations for filing had run.) Section 86 of the Crime Victims Compensation Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*) states that this Court may reconsider a denial of compensation upon the appearance of newly discovered facts.

It is therefore ordered that the order of May 10, 1985, denying benefits is hereby reconsidered and vacated and that these claims be returned to the Attorney General for investigation and recommendation.

## ORDER

POCH, J.

This matter coming to be heard upon the Court's own motion, this Court hereby finds as follows:

The parties have entered into a stipulation whereby the Attorney General's Office recommends that the sum of $7,194.66 be paid to Homero Rodarte, the uncle of the deceased victims all of whom were the innocent victims of a violent crime.

Wherefore, it is hereby ordered that;

1. The sum of $7,194.66 be paid to Homero Rodarte.

2. It is further ordered that this case be closed.